## UNITED STATES DISTRICT COURT
## IN THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MIKE R. GRAND,**

  **Plaintiff,**

-VS-

                            **CASE NO.:**

**COMMONWEALTH FINANCIAL
SYSTEMS, INC. d/b/a NCC,**
                      6:13-cv-1366-ORL-18KRS

  **Defendant**

_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3.     The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

4.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida

5.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

6.     Plaintiff is an "alleged debtor."

7.     Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.      Defendant is a corporation and a citizen of the Commonwealth of Pennsylvania with its principal place of business at 245 Main Street, Dickinson City, Pennsylvania, 18519.

9.      Defendant is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

10.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

11.     Defendant called the Plaintiff approximately one hundred times (100) over a twelve month period, in an attempt to collect a debt.

12.     Defendant, NCC, attempted to collect a debt from the Plaintiff by this campaign of telephone calls

13.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

15.     Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

17.     In or about the beginning of July 2012, Plaintiff began receiving calls to his cellular telephone, (407) 393-7160, from the Defendant in which they left him a prerecorded voicemail for "Ashley Wells." Plaintiff promptly returned the phone call the same day and informed the

Defendant that he did not owe them any money, did not know Ashley Wells, and requested he be taken off their call list.

18.     On approximately 4 or 5 occasions, in July and August 2012, the Plaintiff has returned the Defendant's call in an effort to inform them of their mistake.

19.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

20.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

21.     In or about 4/23/2013 Defendant left the following prerecorded and/or artificial voice message on the Plaintiff's voicemail on his cellular phone:

> *"This message is for Ashley Welsh. If you are not Ashley Welsh please hang up or disconnect now. There will now be a three second pause so that you can listen to this message in private. This is an attempt to collect a debt; any information obtained will be used for that purpose. This is [inaudible] agency wanting you to call us back at 1-866-999-6450"*

22.     Plaintiff has received approximately one-hundred (100) calls in total from the Defendant, which are continuing through the filing of this complaint. (Including, but not limited to those provided in Exhibit "A")

23.     The continuing calls leave Plaintiff to believe that the Defendant is seeking payment from him, and the only way for the calls to stop is to pay the debt

24.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

25.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they are the wrong party.

26.     Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

27.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

28.     Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

29.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

30.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I
### (Violation of the TCPA)

32.     Plaintiff incorporates Paragraphs one (1) through thirty-three (33).

33.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C §
227(b)(1)(A)(iii).

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

34.    Plaintiff incorporates Paragraphs one (1) through thirty-three (33).

35.    At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

36.    Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

37.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38.    Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

39.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

    **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violations of the FDCPA)

40.    Plaintiff incorporates Paragraphs one (1) through thirty-three (33).

41.    At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

42.     Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

43.     Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

44.     Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

45.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.


Respectfully submitted,

**William Peerce Howard, Esquire**
Florida Bar #:  0103330
**Amanda J. Allen, Esquire**
Florida Bar #:  0098228
Morgan & Morgan, Tampa,  P.A.
201 North Franklin Street
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
bhoward@forthepeople.com
aallen@forthepeople.com
*Attorneys for Plaintiff*